```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


LARRY N. DORSEY et al.        *
                              *
                              *
v.                            *  Civil Action No. WMN-15-3506
                              *
JAMES E. CLARKE et al.        *
                              *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**MEMORANDUM**

Before the Court are Motions to Dismiss filed by Defendants James E. Clarke, Renee Dyson, Erin M. Cohen, Hugh J. Green, Patrick M. A. Decker, and Brian Thomas (collectively, the "Substitute Trustees"), ECF No. 16; and by Defendants Select Portfolio Servicing, Inc.[1] (Select Portfolio) and U.S. Bank, National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association as Trustee for Bear Stearns Asset Backed Securities I Trust 2005-AQ2 Asset-Backed Certificates, Series 2005-AQ, (U.S. Bank).  ECF No. 18.[2]  Upon a

---

[1] This Defendant was incorrectly named in the Amended Complaint as "Select Portfolio Services, Inc."

[2] After those motions were fully briefed, but before the Court issued an order resolving them, Plaintiffs filed a "Request for Leave to Amend under Rule 60."  ECF No. 24.  Rule 60 of the Federal Rules of Civil Procedure provides relief from a judgment or order and, as there has been no such judgment or order, the rule is inapplicable.  To the extent Plaintiffs are seeking leave to amend their Amended Complaint, that request will be

review of the pleadings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the Motions to Dismiss should be granted.

This action arises out of a foreclosure proceeding brought by the Substitute Trustees in the Circuit Court for Carroll County, Maryland, that is related to real property owned by Plaintiffs in Reisterstown, Maryland. <u>James E. Clarke, et al. v. Larry N. Dorsey et al.</u>, No. 06C15069451. This foreclosure action was filed on or about August 7, 2015. On November 2, 2015, Plaintiffs filed a motion in the state court to stay the foreclosure, arguing that the Substitute Trustees "usurped the trusteeship of the trustee named in the trust deed under which they each seek to foreclose." Substitute Trustees' Mot., Ex. B, ECF No. 16-2 at 1. The gravamen of that motion was that the Substitute Trustees had no right to foreclose on the subject property. The Substitute Trustees opposed that motion and on December 14, 2015, the Circuit Court for Carroll County issued an order denying Plaintiffs' motion to stay. ECF No. 16-4.

While their motion to stay was still pending in the state court, Plaintiffs filed a 77-page Complaint in this Court on November 18, 2015. On November 24, 2015, the Court dismissed that Complaint, explaining that, despite its length, the nature

---

denied in that, for the reasons stated below, amendment would be futile.

2

of Plaintiffs' cause of action could not be easily discerned. ECF No. 3 at 2. The Court posited that it appeared Plaintiffs might be claiming that the entities involved in the foreclosure violated the federal Fair Debt Collection Practices Act (FDCPA). The Court also noted, however, that because the allegations arose out of a pending state foreclosure proceeding, "[t]o the extent the claims advanced in the instant case are matters appropriately raised in the pending state litigation, Plaintiffs must raise them in that context." Id. at 3.

Nonetheless, Plaintiffs filed a motion to amend the Complaint and reinstate their action in this Court. ECF No. 4. While the pleading that they attached as their Amended Complaint was essentially the same as their original Complaint, the Court granted Plaintiffs' motion and permitted the amendment, opining that after shifting through all the superfluous language, there was sufficient clarity to provide Defendants fair notice of the claims against them. ECF No. 5 at 1. The Court also opined that Plaintiffs' assertion of claims under the FDCPA "could potentially provide this Court with jurisdiction over this action." Id. at 2.

The Amended Complaint contains 15 counts asserting 5 purported causes of action separately against the Substitute Trustees, Select Portfolio, and U.S. Bank:

Counts I-III, Violations of the FDCPA;

3

>Counts IV-VI, "Identity Theft;"
>
>Counts VIII-X,[3] "Breach of Contract and Liquidated Damages;"
>
>Counts XI-XIII, Violations of the "Maryland Fair Debt Collection Practices Act;"[4]
>
>Counts XIV-XVI, Violations of the Maryland Consumer Protection Act.

Defendants have moved to dismiss the Amended Complaint, noting how the factual allegations fail to support any of the causes of action asserted.  More broadly, however, the Substitute Trustees argue that, because the instant claims are premised on the same argument raised in the foreclosure action and rejected by the Circuit Court, Plaintiffs' claims here are barred by res judicata or collateral estoppel.  In a somewhat related argument, Select Portfolio and U.S. Bank argue that, under the Younger[5] abstention doctrine, this Court should abstain from exercising jurisdiction over this action so as not to interfere with the pending state foreclosure action.  Now that the Court

---

[3] The Counts are mis-numbered and there is no Count VII.

[4] As Defendants observe, there is no "Maryland Fair Debt Collection Practices Act."  In these Counts, Plaintiffs reference "§ 7-102(b) of the Maryland Fair Debt Collection Practices Act."  Section 7-102(b) of the Business Regulation provisions of the Maryland Code is part of the Maryland Collection Agency Licensing Act, which prohibits conducting business as a collection agency without a license.  Plaintiffs make no allegation that Defendants are collecting debts without a license.

[5] Younger v. Harris, 401 U.S. 37 (1971).

is more fully informed of the nature of the foreclosure action and the issues raised therein, the Court finds that the doctrines of both collateral estoppel and Younger abstention are applicable here.[6]

Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case. Montana v. United States, 440 U.S. 147, 153 (1979). Plaintiffs' claims here are all premised on the same argument rejected by the Circuit Court when it denied their motion to stay the foreclosure action. Plaintiffs continue to allege, however, that "[t]he defendant[7] has misrepresented itself and deceived the plaintiffs into believing that it had some rights to collect a debt against the plaintiffs." Am. Compl. at 2; see also, id. at 18 ("The defendant has obtained the plaintiffs' banking, financial, personal, credit and private identifying information by threats and deception and has used that information to make it appear as

---

[6] While Plaintiffs filed an opposition to Defendants' motions, ECF No. 20, they address neither of these arguments. Significant portions of the opposition, in fact, appear to have been simply copied and pasted from a pleading from some other unrelated action. See, e.g., id. at 7 (referring to some entity named "Northwest" as the foreclosure trustee).

[7] For reasons that are unclear, Plaintiffs refer throughout the Amended Complaint to Defendants in the singular, without specifying which Defendants they are associating with any particular factual allegation.

if the defendant had some legal rights or interest in the plaintiffs' property."). In permitting the foreclosure action to go forward, the Circuit Court necessarily rejected that same argument and found that the Substitute Trustees had the right to commence foreclosure proceedings on the subject property.

Were Plaintiffs' claims not barred by collateral estoppel, the Court would, nonetheless, abstain from deciding Plaintiffs' claims pursuant to Younger and its progeny. Abstention under Younger arises out of "the strong policy against federal court interference with any pending state judicial proceeding unless extraordinary circumstances so warrant." Younger, 401 U.S. at 43, 45. For a federal district court to abstain under this doctrine, the following factors must be satisfied: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994).

Here, the foreclosure proceeding in the Carroll County Circuit Court is an ongoing judicial proceeding;[8] Maryland has a

---

[8] On or about June 1, 2016, the foreclosure case was closed. In response to an inquiry from this Court as to the status of that case, the Substitute Trustees stated that the case was closed "through inadvertence and error." ECF No. 27 at 1. The Substitute Trustees filed a motion to reopen the foreclosure case which was granted on July 28, 2016. See http://casesearch.

substantial interest in its property law; and Plaintiffs can certainly raise their FDCPA claim in the foreclosure proceeding. As Defendants note, this Court has frequently applied Younger abstention where there are ongoing foreclosure proceedings in the state court. See, e.g., Barilone v. OneWest Bank, FSB, Civil Action No. ELH-13-00752, 2013 WL 6909423, at *5 (D. Md. Dec. 31, 2013) (dismissing plaintiff's claims under Younger where there was a pending foreclosure action in state court); Graves v. One West Bank, FSB, No. DKC-13-3343, 2014 WL 994366, at *2 (D. Md. Mar. 13, 2014) (denying motion for reconsideration because Younger abstention doctrine mandated dismissal due to pending foreclosure action in state court and noting that the plaintiffs could raise their FDCPA claim in the foreclosure proceeding); Fiallo v. PNC Bank, Nat'l Ass'n, No. PWG-14-1857, 2014 WL 6983690, at *2-3 (D. Md. Dec. 9, 2014) (discussing Younger doctrine as alternative grounds for dismissal). As noted above, Plaintiffs have offered no argument in their Opposition as to why this Court should not abstain under Younger.

    For these reasons, the Court will grant Defendants' Motions

---

courts.state.md.us/casesearch/inquiryDetail.jis?caseId=06C15069451&loc=61&detailLoc=CC.

to Dismiss.  A separate order will issue.

                                  _____/s/_____
                                  William M. Nickerson
                                  Senior United States District Judge

DATED: August 10, 2016